UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SADIE ABRAMS and TIFFANY MESSIAH,     Case No. 23 CV 9520
       Plaintiffs,

  -against-                                            **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE ANDREW
HUNT [TAX REG. #941921], SERGEANT SCOTT A.     **JURY DEMAND**
MILLER [TAX REG. #944125], SERGEANT ROBERT
H. MAMYS [TAX REG. #913983], SERGEANT
STEPHEN J. VOLPE [TAX REG. #939667],
SERGEANT JOSEPH E. KOSEK [TAX REG. #949175],
DETECTIVE HARRY J. HUGHES [TAX REG. #954947],
DETECTIVE JEANETTE P. ROMAS [TAX REG.
#949026], SERGEANT MARVIN A. LUIS [TAX REG.
#950787], DETECTIVE PATRICK O. REILLY [TAX
REG. #957993], DETECTIVE JARRETT E. NADAL
[TAX REG. #958970], DETECTIVE DANIEL J.
ATHERLEY [TAX REG. #956399], DETECTIVE
JOHNATHAN R. DIAS [TAX REG. #955877],
SERGEANT JASON A. REISGERZOG [TAX REG.
#955370], DETECTIVE CHRISTOPHER HOSEIN [TAX
REG. #959417], SERGEANT RICHARD P. SAGISTANO
[TAX REG. #939402], DETECTIVE CHRISTOPHER M.
FEELY [TAX REG. #948956], DETECTIVE JONATHAN
E. BURTT [TAX REG. #960298], DETECTIVE
CHRISTOPHER V. DEGIORGIO [TAX REG. #961730],
DETECTIVE BRYANT VILLEGAS [TAX REG.
#954406], DETECTIVE BRIAN M. DOYLE [TAX REG.
#954752], DETECTIVE ANTHONY J. BRUCATO [TAX
REG. #960287], and JOHN DOE AND JANE DOE #1-20
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),
                Defendants.
------------------------------------------------------------------------X

Plaintiffs, SADIE ABRAMS and TIFFANY MESSIAH, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Andrew Hunt [Tax Reg. #941921], Sergeant Scott A. Miller [Tax Reg. #944125], Sergeant Robert H. Mamys [Tax Reg. #913983], Sergeant Stephen J. Volpe [Tax Reg. #939667], Sergeant Joseph E. Kosek [Tax Reg. #949175], Detective Harry J.

Hughes [Tax Reg. #954947], Detective Jeanette P. Romas [Tax Reg. #949026], Sergeant Marvin A. Luis [Tax Reg. #950787], Detective Patrick O. Reilly [Tax Reg. #957993], Detective Jarrett E. Nadal [Tax Reg. #958970], Detective Daniel J. Atherley [Tax Reg. #956399], Detective Johnathan R. Dias [Tax Reg. #955877], Sergeant Jason A. Reisgerzog [Tax Reg. #955370], Detective Christopher Hosein [Tax Reg. #959417], Sergeant Richard P. Sagistano [Tax Reg. #939402], Detective Christopher M. Feely [Tax Reg. #948956], Detective Jonathan E. Burtt [Tax Reg. #960298], Detective Christopher V. DiGiorgio [Tax Reg. #961730], Detective Bryant Villegas [Tax Reg. #954406], Detective Brian M. Doyle [Tax Reg. #954752], Detective Anthony J. Brucato [Tax Reg. #960287], and John Doe and Jane Doe #1-20 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiffs who are related -- Ms. Abrams is Ms. Messiah's aunt -- are and were at all times material herein residents of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective Andrew Hunt [Tax Reg. #941921] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant Sergeant Scott A. Miller [Tax Reg. #944125] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant Sergeant Robert H. Mamys [Tax Reg. #913983] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant Sergeant Stephen J. Volpe [Tax Reg. #939667] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant Sergeant Joseph E. Kosek [Tax Reg. #949175] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant Detective Harry J. Hughes [Tax Reg. #954947] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant Detective Jeanette P. Romas [Tax Reg. #949026] was at all times material herein a detective employed by the NYPD. She is named here in her official and individual capacities.

14. Defendant Detective Sergeant Marvin A. Luis [Tax Reg. #950787] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

15. Defendant Detective Patrick O. Reilly [Tax Reg. #957993] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16. Defendant Detective Jarrett E. Nadal [Tax Reg. #958970] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17. Defendant Detective Daniel J. Atherley [Tax Reg. #956399] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

18. Defendant Detective Johnathan R. Dias [Tax Reg. #955877] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

19. Defendant Sergeant Jason A. Reisgerzog [Tax Reg. #955370] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

20. Defendant Detective Christopher Hosein [Tax Reg. #959417] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

21. Defendant Sergeant Richard P. Sagistano [Tax Reg. #939402] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

22. Defendant Detective Christopher M. Feely [Tax Reg. #948956] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

23. Defendant Detective Jonathan E. Burtt [Tax Reg. #960298] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

24. Defendant Detective Christopher V. DiGiorgio [Tax Reg. #961730] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

25. Defendant Detective Bryant Villegas [Tax Reg. #954406] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

26. Defendant Detective Brian M. Doyle [Tax Reg. #954752] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

27. Defendant Detective Anthony J. Brucato [Tax Reg. #960287] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

28. Defendants John Doe and Jane Doe #1-20 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

29. Defendants Hunt, Miller, Mamys, Volpe, Kosek, Hughes, Romas, and Luis are collectively referred to herein as "Hunt defendants".

30. Defendants Reilly, Nadal, Atherley, Reisgerzog, Dias, Hughes, Hosein, Sagistano, Feely, Burtt, Degiorgio, and Villegas are collectively referred to herein as "Reilly defendants".

31. Defendants Doyle and John and Jane Does are collectively referred to herein as "Doyle defendants".

32. Defendants Brucato and John and Jane Does are collectively referred to herein as "Brucato defendants".

33. Hunt defendants, Reilly defendants, Doyle defendants, and Brucato defendants are collectively referred to herein as "defendant officers"

34. At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

35. Plaintiffs reside at 354 Bristol Street, Apt. B, Brooklyn, New York ("premises") and are the tenants listed on the record for the premises together with their children, including Ms. Abram's son, Mike Josie, and Ms. Messiah's two minor children.

36. Upon information and belief, defendant officers conducted surveillance of the plaintiffs' aforesaid home on numerous occasions including, but not limited to, several dates prior to June 26, 2019, and on June 26, 2019,

5

November 22, 2020, December 7, 2020, December 10, 2020, December 21, 2020, December 30, 2020, April 27, 2021, and June 30, 2021.

37. In addition to the aforesaid surveillance, defendant officers harassed, bullied, and intimidated the plaintiffs and their family members by, among other things, repeatedly banging on their windows and entrance door and maintaining a heavy police presence in and around the plaintiffs' home, forced their way into the plaintiffs' home without any warrant or authority on numerous occasions, and searched the plaintiffs' home on numerous occasions without any warrant or authority including, but not limited to, on June 26, 2019, November 22, 2020, December 7, 2020, December 10, 2020, December 21, 2020, December 30, 2020, April 27, 2021, and June 30, 2021.

38. On June 26, 2019, at approximately 5:30 a.m., Hunt defendants, acting in concert, forced their way into the plaintiffs' home without any warrant or authority damaging and/or destroying the plaintiffs' properties and unreasonably waking them up from sleep in the process and, thereafter, seized and/or arrested plaintiffs without cause at the premises and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

39. On December 30, 2020, at approximately 5:30 a.m., Reilly defendants, acting in concert, forced their way into the plaintiffs' home without any warrant or authority damaging and/or destroying the plaintiffs' properties and unreasonably waking them up from sleep in the process and, thereafter, seized and/or arrested plaintiffs without cause at the premises and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

40. On April 27, 2021, at approximately 11:00 p.m., Doyle defendants, acting in concert, forced their way into the plaintiffs' home without any warrant or authority damaging and/or destroying the plaintiffs' properties and unreasonably waking them up from sleep in the process and, thereafter, seized and/or arrested plaintiffs without cause at the premises and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

41. On June 30, 2021, at approximately 6:30 a.m., Brucato defendants, acting in concert, forced their way into the plaintiffs' home without any warrant or

6

|     |     |
| --- | --- |
|     | authority damaging and/or destroying the plaintiffs' properties and unreasonably waking them up from sleep in the process and, thereafter, seized and/or arrested plaintiffs without cause at the premises and unreasonably detained the plaintiffs for a lengthy period of time thereafter. |
| 42. | In addition to other things, defendant officers on numerous occasions drew their weapons against the plaintiffs and their dog, Teddy, threatened to shoot and kill Teddy on several occasions, and forcibly kicked and locked up Teddy inside the bathroom during one of their frequent raids at the premises. |
| 43. | Plaintiffs, however, did not commit any offense against the laws of New York City and/or State. |
| 44. | Upon information and belief, defendant officers did eventually arrest Mr. Josie at the premises on June 26, 2019, December 30, 2020, April 27, 2021, and June 30, 2021, and transported him to NYPD police precinct(s) and falsely charged him with numerous crimes all of which were eventually dismissed and sealed. |
| 45. | On or about May 4, 2021, Mr. Josie commenced an action against defendants in this district in connection with some of the issues discussed herein which has been assigned Case No. 21 CV 2486. |
| 46. | Because of the conduct of defendant officers, plaintiff Messiah was forced to vacate the premises with her minor children for an extended period beginning in or about July 2021. |
| 47. | Because of the conduct of defendant officers, plaintiffs and their family were caused to suffer serious injuries. |
| 48. | Each and every officer who responded to and/or was present at the location of the arrest(s), unlawful entry, searches and seizures, and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. |
| 49. | Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs. |

50. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

51. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. Defendant officers seized and/or arrested the plaintiffs without probable cause or reasonable grounds.

53. The conduct of defendant officers, as described herein, amounted to false arrest.

54. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

55. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

56. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. Defendant officers unlawfully subjected the plaintiffs to illegal search of their person and/or property.

58. The conduct of defendant officers, as described herein, amounted to unreasonable searches and seizures.

59. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

THIRD CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

61. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. The conduct of defendant officers, as described herein, amounted to excessive use of force.

63. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

64. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

65. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. The conduct of defendant officers, as described herein, amounted to unlawful entry.

67. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

69. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

71. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

72. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

73. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

74. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

76. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

77. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

78. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

79. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of making warrantless and nonconsensual entry into the home of individuals suspected of crimes to search and make arrests, and has failed to properly train, supervise or discipline its police officers concerning obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons, and obligation to effect an arrest only when probable cause exists for such arrest.

81. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

82. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

83. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

84. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in

unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

85. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that police office officers routinely make nonconsensual entry into suspects' homes to make warrantless searches and seizures. *See, e.g., Robert Burroughs v. City of New York* (22 CV 4463); *Telisha Blakney v. City of New York* (Case No. 22 CV 4303); *Mike Joise v. City of New York* (Case No. 21 CV 2486).

86. Defendant City has settled numerous lawsuits in this district against several police officers alleging, among other things, that the police officers made nonconsensual entry into suspects' homes to make warrantless searches and seizures.

87. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

88. As a result of defendant City's policy of relying upon investigation cards to enter into suspects' homes to search and make arrests and its failure to properly train, supervise or discipline its police officers, defendant officers unreasonably seized and/or arrested the plaintiffs, illegally searched their home, and abused and/or assaulted the plaintiffs.

89. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

90. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances,

|     |     |
| --- | --- |
|     | customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force, and the right to due process. |
| 91. | By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 |

<u>EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8,11 & 12 - against defendants</u>

|     |     |
| --- | --- |
| 92. | By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein. |
| 93. | By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution. |
| 94. | In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above. |
| 95. | The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, |

| | |
|---|---|
| | knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution. |
| 96. | Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights. |

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

| | |
|---|---|
| 97. | By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein. |
| 98. | The conduct of the defendants, as described herein, amounted to false arrest/imprisonment. |
| 99. | Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally. |

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

| | |
|---|---|
| 100. | By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein. |
| 101. | By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained bodily injuries with the accompanying pain. |
| 102. | The conduct of the defendants, as described herein, amounted to assault and battery. |
| 103. | Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally. |

ELEVENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

| | |
|---|---|
| 104. | By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein. |
| 105. | Defendants unlawfully entered into the premises. |

106. Defendants performed an unlawful search of the premises, and subjected plaintiffs to unreasonable searches and seizures.

107. The conduct of defendants, as described herein, amounted to trespass.

108. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

109. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. Defendants failed to properly care, supervise and protect the plaintiffs, failed to ensure the plaintiffs' health and safety, were careless and reckless in searching the plaintiffs and the premises, and were careless and negligent in their treatment of the plaintiffs and their properties.

111. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

112. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

113. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

115. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the search, arrest, assault, detention and imprisonment by defendants.

116. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

117. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 116 of this complaint as though fully set forth herein.

118. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, reasonable search of individuals and/or their properties, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

119. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

120. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

121. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

122. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

123. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       December 27, 2023

                        UGO UZOH, P.C.

                        _____

              By:    Ugochukwu Uzoh
                      Attorney for the Plaintiffs
                      56 Willoughby Street, Third Floor
                      Brooklyn, New York 11201
                      Tel. No: (718) 874-6045
                      Fax No: (718) 576-2685
                      Email: u.ugochukwu@yahoo.com